IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE F. SHARPER, JR., #2349400, PLAINTIFF, | § § § § | |
| v. | § § | CASE NO. 3:21-CV-1760-L-BK |
| DALLAS COUNTY SHERIFF, ET AL., DEFENDANTS. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Willie F. Sharper's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 8. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

**I. BACKGROUND**

On July 29, 2021, Sharper, a Texas state prisoner, filed a *pro se* complaint against the Dallas County Sheriff ("Sheriff") and Jane Doe, an unidentified transport driver for the Dallas County Sheriff's Department ("Defendant Doe"). Doc. 3 at 3. Shaper sues each in their individual and official capacities for deliberate indifference, in violation of the Eighth Amendment, stemming from injuries he sustained when the prison van in which he was riding stopped abruptly to avoid running a red light. Doc. 3 at 3, 6. Sharper seeks $300,000 in damages. Doc. 3 at 5.

In his complaint, as supplemented by his *Answers to Magistrate Judge's Questionnaire*, Sharper alleges that on April 15, 2021, while he was a pretrial detainee at the Dallas County Jail, he was taken to Parkland Hospital in a prison transport van. Doc. 10 at 1-2. Sharper asserts that, on the way to the hospital, Defendant Doe "did not drive too bad." But Sharper claims that after passing through a yellow light,[1] Defendant Doe made a "bad decision" and accelerated to a high speed to try to pass the next light, which had turned yellow. Doc. 10 at 3. Ultimately, that light turned red, and Defendant Doe "stepped on the breaks to [sic] hard" to avoid running the red light and the van "skidded . . . ending up . . . partially in the middle of the street." Doc. 10 at 3. Because Sharper was in handcuffs and leg shackles, and the van was not equipped with seat belts, Sharper allegedly "slammed into metal doors, windows and seats," sustaining "serious physical injury to his left leg and back." Doc. 3 at 4; *see also* Doc. 10 at 6; Doc. 12. After the incident, Defendant Doe purportedly resumed driving "at a moderate pace," Doc. 10 at 3, and, upon arriving at the hospital, she asked if everyone inside the van was fine, Doc. 10 at 2.

Upon review, the Court concludes that Defendant Doe and the Sheriff did not violate Sharper's constitutional rights in their individual capacities, and that the lack of a predicate constitutional violation dooms his official capacity claims against them. Therefore, the complaint lacks facial plausibility and should be dismissed.

## II. ANALYSIS

Because Sharper is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to

---

[1] In answer to the questionnaire, Sharper mentions a "first 'red light,'" but appears to indicate only that Defendant Doe drove past a yellow light that was about to turn red. Doc. 10 at 2-3.

state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Sharper's pleadings fail to state a claim upon which relief can be granted.

### A. Individual Capacity Claims Against Defendant Doe Lack Facial Plausibility

Sharper sues Defendant Doe in her individual capacity for deliberate indifference. Doc. 3 at 3-4. He avers Defendant Doe had "actual subjective knowledge of a substantial . . . risk of serious physical injury that would occur to plaintiff if she did not slow down and take heed [sic] to a flashing yellow stop light…." Doc. 3 at 4. Also, Sharper asserts Defendant Doe should have requested a vehicle with seat belts for the return trip to the jail. Doc. 10 at 5.

A pretrial detainee has a right to be protected from harm under the Due Process Clause of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Because Sharper is complaining of an episodic act, the Eighth Amendment deliberate indifference standard under *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies. *Hare*, 74 F.3d at 639, 647-48, 650. A prison official acts with deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

However, the absence of seat belts alone does not rise to deliberate indifference as there is no federally protected right to safety restraints in prison transport vehicles. *See Rogers v. Boatright*, 709 F.3d 403, 408-09 (5th Cir. 2013) ("[F]ailure . . . to provide seatbelts to inmates riding in prison vehicles, standing alone, does not violate an inmate's Eighth Amendment rights." (citations omitted)); *Jimenez v. Travis County Sheriff's Dep't*, 856 Fed. Appx. 534, 535 (5th Cir. 2021) (per curiam) ("[T]here is no federal protected right to safety restraints in prison transport vehicles . . . ." (citing *Rogers*, 709 F.3d at 408-09)). Rather, to establish deliberate indifference, the plaintiff must assert that the defendant operated the transport vehicle recklessly, *knowing* of the danger to the prisoner due to the lack of seatbelts. *Rogers*, 709 F.3d at 408-09 (finding the plaintiff's allegations that the defendant was driving recklessly *and* admitted to knowing of prior incidents was sufficient to demonstrate that the defendant was aware of the risk of harm).

Specifically, in *Rogers*, the transport driver was driving recklessly, darting in and out of traffic at high speeds while the inmate was shackled in leg irons and handcuffed with no seat belt. 709 F.3d at 406. The driver was driving so fast that he had to brake hard to avoid hitting a vehicle in front of him and the prisoner in the back of the bus sustained many injuries. *Id.* The driver even told another officer that the week before there had been a similar incident where six other inmates were injured due to having to slam on the brakes. *Id.* He then added, "it happens all the time, isn't a big deal." *Id.* The Court found that the driver's statement, if true, rose to more than mere negligence, and was sufficient to demonstrate that he knew of the risk to Rogers. *Id.* at 409.

Unlike *Rogers*, even if Sharper's claim that Defendant Doe braked hard at a stoplight could be deemed reckless, he wholly fails to offer any facts from which the knowledge requirement necessary to establish deliberate indifference can be inferred. Sharper does not suggest that Defendant Doe knew of prior injuries to prisoners due to a lack of seatbelts during transport. Nor does he claim that Defendant Doe made any statement reflecting her knowing disregard of a risk of serious harm caused by her driving maneuvers. *Cf. Rogers*, 709 F.3d at 406, 409. Despite Sharper's conclusory description of Defendant Doe's driving as "reckless," he does not present facts suggesting any other driving behavior that rose to the level of recklessness. Doc. 10 at 3. Indeed, he alleges Defendant Doe was driving at a moderate pace, both before and after the incident in question, and made a single "bad decision" to speed up at a yellow light in an attempt "to avoid being caught running the red light." Doc. 10 at 3. Tellingly, he asserts that after the incident, Defendant Doe even asked if everyone was fine. Doc. 3 at 2.

Even taking his allegations as true, Sharper alleges no facts to plausibly suggest that Defendant Doe acted with deliberate indifference to his safety and, thereby, violated his constitutional rights. *See Jimenez*, 856 F. App'x at 535 (finding no deliberate indifference when there was no evidence of "reckless behavior" by the driver of the prison transport vehicle). While Sharper's allegations may suffice for a negligence claim, it is well established that negligent conduct, in and of itself, does not amount to a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). Consequently, because Sharper fails to adequately plead the violation of a constitutional right, he fails to state a claim against Defendant Doe in her individual capacity.

### B. Individual Capacity Claims Against Sheriff Likewise Fail

Next, Shaper sues the Sheriff in her individual capacity for deliberate indifference. Doc. 3 at 3; Doc. 10 at 5. He asserts the Sheriff is personally responsible because of her status as the Sheriff of Dallas County and because she neglected to personally inspect the jail's transport vehicles to ensure they had seat belts. Doc. 10 at 4-5. Sharper also contends the Sheriff is responsible for (1) permitting Defendant Doe to transport inmates in a van without seat belts, Doc. 10 at 4, and (2) implementing a "[p]olicy [of] providing transport vehicles without seatbelts" and failing to implement a policy ensuring safety. Doc. 10 at 5.[2]

To recover under § 1983 for individual liability, the plaintiff must establish that the Sheriff was either personally involved in a constitutional deprivation or that her wrongful actions were causally connected to the constitutional deprivation. *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). To demonstrate a causal connection, the plaintiff must show that the Sheriff "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (internal quotations and citations omitted).

As previously noted, no constitutional deprivation exists. "[F]ailure to provide seatbelts to inmates riding in prison vehicles, standing alone, does not violate an inmate's Eighth Amendment rights." *Rogers*, 709 F.3d at 408-09 (citations omitted). As such Shaper has not met the underlying requirement to establish liability against the Sheriff. Additionally, the Sheriff cannot be held liable under a theory of vicarious liability or *respondeat superior*. *See Ashcroft v.*

---

[2] The answers to the questionnaire plead a policy claim against Defendant Doe for the first time. Doc. 10 at 5. Because Defendant Doe is not a policy maker, and the complaint raised the policy claim only as to the Sheriff, the Court limits the policy analysis to the Sheriff. *See* Doc. 3 at 4-5.

*Iqbal*, 556 U.S. 662, 676 (2009) (holding supervisory government employees are only liable for their own misconduct, and the theory of *respondeat superior* does not provide a basis for liability in a § 1983 action). Thus, Sharper fails to state a claim against the Sheriff in her individual capacity.

### C.  Official Capacity Claims against Defendant Doe and Sheriff also Lack Merit

Lastly, Sharper sues the Sheriff and Defendant Doe in their official capacities. Doc. 3 at 5; Doc. 10 at 4-5. These claims are essentially claims against Dallas County. *See Brooks v. George Cnty,* 84 F.3d 157, 165 (5th Cir. 1996) (treating suit against a sheriff in his official capacity as a claim against the county). "A governmental entity, however, may only be held liable in a § 1983 suit when the complained-of constitutional injury . . . results from 'execution of a government's policy or custom.'" *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1168 (5th Cir. 2021) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Because Sharper fails to adequately plead a predicate constitutional violation by Defendant Doe or the Sheriff, he likewise fails to plead a claim against Dallas County.

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* As outlined here, Sharper's claims are fatally infirm. Additionally, the Court has already given Sharper the opportunity to respond to a very pointed inquiry focused on supplementing the factual bases for his *pro se* complaint. Doc. 10. Thus, the Court can only conclude that he has already pled his best case. Under these circumstances, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on April 20, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).