IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIE F. SHARPER, JR.** **#2349400**, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:21-CV-1760-L-BK** |
| **DALLAS COUNTY SHERIFF and JANE DOE**, | § § § § | |
| Defendants. | § § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 11) was entered on April 20, 2022, recommending that the Complaint (Doc. 3) filed by pro se Plaintiff Willie F. Sharper, Jr. ("Plaintiff") be dismissed with prejudice. In the Complaint, Plaintiff sued the Dallas County Sheriff and Jane Doe prison transport van driver for violations of his Eighth Amendment right stemming from injuries received when Doe abruptly stopped the prison van in which he was riding to avoid running a red light. Doc. 3 at 5-6.

Plaintiff sought four extensions of time to object to the Report (Docs. 17, 18, 21, 28), which the court granted, and he filed his objections on November 8, 2022. Doc. 30. Plaintiff objects to the Report's conclusion that he failed to state a claim because: (1) prison vans without seat belts constitute the harsh conditions forbidden in the Eighth Amendment; (2) the Jane Doe driver was reckless and therefore acted with deliberate indifference to Plaintiff's safety and the Texas traffic codes; (3) the Dallas County Sheriff is directly liable as a supervisor because she was negligent in "adhering to upholding protocol" and policies in the Department; and (4) collectively, these failures caused Plaintiff to suffer severe injuries to his back and legs. *See id*.

**Order – Page 1**

Having considered the Complaint, Plaintiff's objections, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which Objections were made, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Plaintiff does not present any new facts or controlling law that show the findings and conclusions in the Report are in error, and his contentions that the law does not adequately ensure his safe transportation in a prison van is beside the point. The court must apply the law as it is, not as Plaintiff wishes it to be. For these reasons, the court **overrules** Plaintiff's objections. Accordingly, the court **dismisses with prejudice** Plaintiff's claims against the Dallas County Sheriff and Jane Doe in their official and individual capacities for failure to state a claim upon which relief may be granted.

Further, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff has had ample opportunity to present his factual allegations to the court because he responded to the Magistrate Judge's questionnaire (Docs. 9, 10), which asked pointed questions tailored to elicit any relevant and supporting facts. Plaintiff has also had opportunity to object to

**Order – Page 2**

the Report—with generous extensions to respond from the court—and provide the court with additional factual basis for his allegations. He has failed to present a sufficient factual basis for his claims so despite these opportunities, and the court concludes that Plaintiff has stated his "best case." *See Schiller* 342 F.3d at 566. The court therefore determines that permitting further pleading attempts would be an inefficient use of the parties' and the court's resources, cause unnecessary and undue delay, and also be futile. For these reasons, the court will not allow Plaintiff an opportunity to amend his pleading regarding his claims against Defendants Dallas County Sheriff and Jane Doe.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 29th day of December, 2022.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge